IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILSON JOHNSON, | § | |
|    *Plaintiff*, | § | |
| vs. | § | CIVIL ACTION NO. 3:17-CV-1776 |
| | § | |
| SEARIVER MARITIME, INC. | § | |
|    *Defendant*. | § | |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Wilson Johnson, hereinafter referred to as "Plaintiff," complaining of SeaRiver Maritime, Inc., hereinafter referred to as "Defendant," and respectfully shows as follows:

**I.
JURISDICTION**

1. This is an action within the maritime jurisdiction of this Court. This claim is maintained under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States; and, it is filed under 28 U.S.C. Sec. 1916, as an American Seaman, and he institutes and prosecutes this suit without prepaying fees or costs or furnishing security therefor.

**II.
PARTIES**

2. Plaintiff, Wilson Johnson, is a resident and citizen of Baton Rouge, Louisiana.

3. Defendant is a Delaware corporation doing business in the State of Louisiana. This Defendant may be served with due process by serving its registered agent for service at its home office in Houston, Texas.

# III.
# VENUE AND SERVICE OF PROCESS

4. Venue is proper because Plaintiff was injured in this judicial district while in the service of Defendant's vessels, contributing to their mission, performing in maritime work on navigable waters of the Mississippi River, in and around Baton Rouge, Louisiana.

# IV.
# FACTS

5. At all material times hereto, Plaintiff was a Jones Act seaman employed by Defendant SeaRiver Maritime, Inc. This lawsuit has become necessary as a result of personal injuries received on or about 1963 to 2004, working in navigable waters of the United States, performing Engine Room work integral to the operation of various ships owned and operated by Defendant, including inland waters of the Mississippi River in this Parish, and other parishes between Baton Rouge and the mouth of the Mississippi River, in the State of Mississippi waters, in the Gulf of Mexico, and in waters off the West Coast of the United States from California to Alaska, and the East Coast of the United States from Florida to New Jersey. Plaintiff was employed as an "Oiler" and worked in the furtherance of the mission of Defendant's blue water tanker vessels.

6. Plaintiff was caused to injure his lungs while handling and pulling asbestos from various pipes in the engine room of vessels, per assignments from his superiors. Plaintiff was not provided a respirator or mask, he inhaled asbestos, and has developed pleural placques that may cause mesothelioma, causing him mental anguish and loss of enjoyment of life. Plaintiff is a resident and domiciliary of Baton Rouge, Louisiana.

7. At all material times, the vessels he worked on were owned, operated and/or controlled by Defendant. Said work was performed in navigable waters of the Mississippi River, the Gulf of Mexico, of the Atlantic Ocean, of the Pacific Ocean, as well as Alaskan waters.

8. At the time of the occurrence of his injuries, Plaintiff was performing his assigned tasks and working in the furtherance of the missions of the vessels, performing his maritime assignments to keep the ship operating as instructed.

## V.
## FIRST CAUSE OF ACTION FOR NEGLIGENCE

9. On or about 1963 to 2004, Defendant was negligent, and said negligence was a proximate cause of Plaintiff's injuries. At all relevant times, it was feasible for Defendant to provide to Plaintiff a safe place to work with proper tools and personal safety equipment, and Defendant owed this duty to Plaintiff, with the duty of care to provide, inter alia, a safe place to work, proper equipment and sufficient protective respirators, clothing, and gloves to perform the work without exposure to asbestos. Plaintiff further contends that on the occasions in question, Defendant, acting through their vessel management and staffing, or in the alternative, agents, servants and/or employees, were careless and negligent in the following respects:

   a. In failing to properly manage the vessels with proper and sufficient seaman and protective asbestos abatement equipment for handling of the asbestos insulation that was being removed;
   b. In failing to warn Mr. Johnson and his fellow crewman of the risk of harm that defendant was aware existed;
   c. In failing to provide proper supervision, instructions, and training;
   d. In failing to adequately man the vessels;
   e. In failing to provide proper asbestos abatement training to the crew;
   f. In failing to assess the dangers of asbestos becoming airborne and respirable;
   g. Other acts of negligence as proven at the time of trial.

10. On said dates of injury, Plaintiff was caused to become injured and to inhale asbestos particles as a direct result of the negligent acts of the Defendant's officers, agents,

servants and/or employees, all of whom were acting in the course and scope of their employment and agency.

## VI.
## SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS

11. At all times material hereto, Defendant owned, operated and/or controlled the vessels in question. At all relevant times it was feasible for Defendant to provide Plaintiff a seaworthy vessel with proper equipment and method of removing asbestos insulation, and said Defendant owed Plaintiff a seaworthy vessel with proper appurtenances, equipment, furnishings, protective gear, and it breached said duty of care. Defendant breached this duty as follows:

   a. The company set-up the operation without an adequate complement of seaman to do the work safely;
   b. The entire method of operation was unsafe and deficient of any semblance of protection of the seaman from breathing the asbestos;
   c. The vessel owner knew of the risk of harm of the seaman, including Plaintiff, of inhaling asbestos, and assigned the work without respirators, masks, filters, and vacuums to protect them from inhaling and contacting asbestos particles;
   d. Other unseaworthy conditions as proven at time of trial.

12. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff's injury for which Defendant is liable to Plaintiff in damages.

13. By reason of the foregoing premises, and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant is liable to Plaintiff:

   a. Mental anguish and fear of cancer;
   b. Physical injury, pain and suffering;
   c. Loss of physical function to his lungs;
   d. Indebtedness for health care expenses;
   e. Annual medical monitoring costs;
   f. Indebtedness for daily living expenses;
   g. Punitive damages to punish the defendant for malice and intentional recklessness;
   h. Prejudgment interest; and
   i. Attorneys' fees.

14. All said injuries and damages in an extent, not now precisely known, are in excess of $950,000.00.

## VII.
## DAMAGES

15. As a direct and proximate result of the occurrence alleged, Plaintiff sustained injuries to his lungs with significant physical pain and discomfort to date. Plaintiff believes and alleges that said injuries will result in permanent disability, his contracting cancer, and a loss of physical function.

16. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

17. By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant is liable to Plaintiff:

    a. Reasonable and necessary medical expenses in the past and in the future;
    b. Physical pain and suffering in the past and in the future;
    c. Mental anguish in the past and in the future;
    d. Loss of earning capacity in the past and in the future;
    e. Physical disfigurement in the past and in the future; and,
    f. Physical impairment in the past and in the future.
    g. Damages for fear of cancer;
    h. The cost of annual medical monitoring.

18. All said injuries and damages in an extent, not now precisely known, are in excess of $950,000.00.

## VIII.
## JURY DEMAND

19. Plaintiff demands a trial by jury.

## PRAYER

20. WHEREFORE, PREMISES CONSIDERED, Plaintiff, Wilson Johnson, prays that Defendant SeaRiver Maritime, Inc. be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, not less than nine hundred and fifty thousand dollars, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled. Plaintiff requests trial by jury.

Respectfully submitted,

*/s/ S. Reed Morgan*
S. Reed Morgan, Esq.
Texas Bar No. 14452300
THE CARLSON LAW FIRM
100 E. Central Texas Expressway
Killeen, Texas 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
Email: rmorgan@carlsonattorneys.com

**ATTORNEY FOR PLAINTIFF**