# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILSON JOHNSON,** | § | |
| *Plaintiff*, | § | |
| vs. | § | **CIVIL ACTION NO. 3:17-CV-1776** |
| | § | |
| **SEARIVER MARITIME, INC.** | § | |
| *Defendant*. | § | |

## PARTIES' JOINT MOTION TO MODIFY SCHEDULING ORDER

Parties respectfully submit this Joint Motion requesting entry of an Order extending the deadlines in this case by approximately 120 days and, in support thereof, state as follows:

### A. INTRODUCTION

Plaintiff sued defendant Seariver Maritime, Inc. pursuant to the Jones Act for negligence and unseaworthiness stemming from personal injuries sustained while working as a seaman and employee of the defendant's. On May 8, 2018 (05/08/2018), the Court entered a scheduling order (ECF No. 17). Parties ask the Court to modify the scheduling order to reflect the dates proposed in the attached Exhibit A.

### B. ARGUMENT

A court can modify a scheduling order on a showing of good cause. Fed. R. Civ. P. 16(b)(4); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). There is good cause to modify the current scheduling order because parties have diligently attempted to comply with the order but cannot reasonably meet the schedule. *Inge*, 281 F.3d at 625; *see Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

On July 30, 2018 plaintiff propounded Interrogatories and Requests for Production of Documents on defendant. Defendant responded 30 days afterward, but although defendant identified responsive documents, it has not yet produced the entirety of its responsive documents.

Although defendant has agreed and begun to find and produce responsive documents, discussions regarding the production of said documents are ongoing, but it is likely that the time for inspection and copying of said responsive documents at defendants document repository will not be until mid-November.

Plaintiff noticed deposition of defendant's corporate representatives pursuant to Fed. R. Civ. P. 30(b)(6) to be conducted in October and defendant has requested to depose plaintiff. However, given that defendant will need to designate and prepare its corporate representative, this deposition will need to be conducted after the end of the discovery period as it stands now. Parties are discussing dates and plan to conduct depositions which were previously unable to be scheduled given plaintiff's counsel's prior obligations pursuant to a scheduled trial in the Eastern District of Pennsylvania to be conducted in the second week of October of this year. In late September, defendant propounded Interrogatory and Requests for Production on plaintiff, and plaintiff's responses to defendant's discovery requests are still outstanding. However, these Requests for Production and Interrogatories are somewhat voluminous and plaintiff may require an extension of time in order to answer them fully.

Accordingly, parties require more time to conduct discovery and request that this Court extend and amend the discovery and expert deadlines set out in the scheduling order by approximately 120 days. That amount of time should be more than sufficient such that further amendment or requests for extension by one or both parties will not be necessary. Also, this amount of time is necessary because the timeframe falls in the holiday season and so that schedules and contingencies of the parties can be accommodated. Parties believe that this extension need not disrupt the established pre-trial scheduling dates and that the trial date will not need to be moved.

Counsel for both parties respectfully submit that that the requested extension of time is necessary to permit pre-trial fact and expert discovery to be completed in an orderly and effective fashion that will facilitate meaningful settlement discussions at the appropriate time and potentially avoid a trial or, if necessary, for an efficient trial. This is the first request for an extension of time and is being made prior to the expiration of the original deadlines; and, in accordance with Fed. R. Civ. P. 16(b)(4), both parties believe that good cause exists for the Court to grant this request.

## CONCLUSION

Because parties have diligently attempted to comply with the Court's scheduling order but cannot reasonably meet the schedule, and because both parties are in agreement that the scheduling order should be modified and the applicable discovery period extended, there is good cause for the Court to modify the scheduling order. For these reasons, Parties ask the Court to enter the proposed modified scheduling order, attached as Exhibit A.

## **CERTIFICATE OF CONFERENCE**

I certify that I undertook to confer with counsel regarding the submission of this Joint Motion to Modify the Scheduling Order and that opposing counsel agreed to the filing of the Joint Motion and averred that dates contained in the proposed scheduling order were acceptable.

BIENVENU, BONNECAZE, FOCO, VIATOR
& HOLINGA, APLLC

By: *s/ John Allain Viator*

David M. Bienvenu, Jr., #20700
John Allain Viator, # 25915
Lexi T. Holinga, #30096
Erin Percy Tadie, #33627
Melissa Jade Shaffer, #37867
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone: (225) 388-5600
Fax: (225) 388-5622

*Attorneys for SeaRiver Maritime, Inc.*

- CERTIFICATE -

I certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 29th day of October, 2018.

*S/ John Allain Viator*
John Allain Viator

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

WILSON JOHNSON, §
    *Plaintiff*, §
vs. §    **CIVIL ACTION NO. 3:17-CV-1776**
§
**SEARIVER MARITIME, INC.** §
    *Defendant*. §

## ORDER

**The deadlines established below are based on the parties' submissions and are final deadlines.** In accordance with Federal Rule of Civil Procedure 16(b), the following deadlines are established:

1. The deadline to join other parties or to file a motion for leave to amend the pleadings is **August 29, 2018**.

2. Discovery must be completed as follows:

    a. Exchanging initial disclosures required by F.R.C.P. 26(a)(1): COMPLETED.

    b. **Filing** all discovery motions and **completing** all discovery except experts: **March 1, 2019**.

    **NOTE:** Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. If a motion involves written discovery, the motion must also specifically state which requests are being objected to and the basis of each objection.

    c. Disclosure of identities and resumes of experts:

        **Plaintiff(s):**    **March 1, 2019**

        **Defendant(s):**    **March 31, 2019**

    d. Expert reports must be submitted to opposing parties as follows:

    **Plaintiff(s):**  **March 1, 2019**

    **Defendant(s):**  **March 31, 2019**

  e. Discovery from experts must be completed by **April 30, 2019**.

3. Deadline to file dispositive motions and Daubert motions: **May 28, 2019**.

4. Deadline to request settlement conference: **June 1, 2019**.

5. Deadline to file pre-trial order: **June 20, 2019**.

6. Deadline to file motions in limine: **June 18, 2019**. Responses to motions in limine shall be filed within the time period provided by the local rules.

7. Deadline to file an affidavit of settlement efforts: **August 1, 2019**.

8. Pre-trial conference date: **July 11, 2019 at 1:00 p.m.** in the chambers of the Honorable Brian A. Jackson.

9. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge: **August 22, 2019**.

**The information regarding the Honorable Brian A. Jackson's pretrial order may be found on the court's website at (http://www.lamd.uscourts.gov) under "Judges' Info."**

10. A **6-day Jury Trial** is scheduled for **8:30 a.m. beginning on September 23, 2019 in Courtroom 2.**

The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause. Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P. Extensions of deadlines governing discovery must be supported with information describing the discovery

already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery. Further, a motion to extend any deadline set by this Order must be filed before its expiration.

Parties are directed to consult the Middle District's Administrative Procedures which contains additional mandatory filing rules and procedures. The Administrative Procedures are available for viewing and download on the court's website (http://www.lamd.uscourts.gov) under "E-Filing," "CM/ECF Info," "Administrative Procedures."

The parties may contact the court at (225) 389-3584 should they wish to schedule a settlement conference.

Signed in Baton Rouge, Louisiana on _____, 2018.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**